THE UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RICHARD DUTCH,

    Plaintiff,

v.                                      Case No. 1:16-cv-6114

NGK SPARK PLUG CO., LTD,

    Defendant.                  Plaintiff Demands Trial By Jury

## COMPLAINT

Plaintiff RICHARD DUTCH, through his undersigned counsel, seeks redress against Defendant NGK SPARK PLUG CO., LTD., and states as follows:

1. Plaintiff RICHARD DUTCH brings this action for violations of the Americans with Disabilities Act, pursuant to 42 U.S.C.A. sec. 12101. Plaintiff seeks declaratory, compensatory, and equitable relief.

2. This Court has subject matter jurisdiction over Plaintiff's ADA claim pursuant to 42 U.S.C.A. sec. 12101 et seq.

3. Venue in this court is proper for purposes of Plaintiff's ADA claim pursuant to 29 U.S.C. § 626(c).

4. Plaintiff RICHARD DUTCH ("Dutch") is a citizen of the United States who resides in this judicial district.

5. Plaintiff Dutch is over forty (40) years of age.

6. Plaintiff Dutch was hired as a Parts Picker with the NGK SPARK PLUG

1

CO., LTD on or about April 4, 2011.

7. Defendant NGK SPARK PLUG CO., LTD., is a business incorporated under the laws of the State of Illinois. At all relevant times, Defendant NGK SPARK PLUG CO., LTD., has been continuously engaged in an industry affecting commerce.

### Administrative Proceedings

8. On February 26, 2016, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging discrimination based upon his disability and retaliation.

9. Plaintiff's EEOC Charge was filed more than sixty (60) days prior to bringing this claim.

10. On or about March 14, 2016, Plaintiff received a notice of right to sue from the EEOC on his charge.

11. Plaintiff's disability discrimination claim is timely filed within 90 days of the receipt of the notice of right to sue.

### Factual Allegations Common to All Counts

12. Since April 2008, Dutch has worked for Defendant as a Parts Picker in Defendant's retail store location in Wood Dale, Illinois.

13. Dutch worked diligently in a high stress environment even in light of his disability.

14. Dutch's disability was well known with co-workers, management and the Human Resources Department.

15. Dutch suffered from stress related disorders, yet managed his

2

condition fairly well while at work. At no time was his disability an impediment to his work performance.

16. Dutch faithfully served in the position until he was terminated in May, 2015.

17. Plaintiff Dutch is currently unemployed.

18. Dutch continues to suffer from stress related illness and other conditions.

19. During Plaintiff Dutch's employment, co-workers often joked him about his disability including making statements that he was "looney" and "crazy".

20. During Plaintiff's employment he was subjected to statements that were demeaning by his immediate Supervisor and by co-workers.

21. Plaintiff was offended by these remarks and advised both his Supervisor and Human Resources about the offensive remarks that were being made.

22. After Dutch complained of these remarks, the harassment continued and actually became more offensive.

23. Dutch continued to endure the harassment and retaliation as he needed to continue to work and support himself.

24. Because Dutch suffered from anxiety and stress related issues, he requested both FMLA and a reasonable accommodation due to his disability.

25. Plaintiff Dutch was given time off but questioned during his leave His Supervisor and was pressured to return to work.

26. This pressure included telephone calls and discussing Plaintiff's disability to other workers who ultimately shared with Plaintiff that Defendant planned on terminating his employment because of his disability.

27. Plaintiff was ultimately terminated after taking protected leave.

28. As a result of being terminated from the position of Parts Picker, Dutch has lost salary, overtime, and other benefits of employment; he has also suffered emotional distress and other non-monetary damages.

29. Defendant treated similarly situated employees more favorably than plaintiff who did not have a disability by offering advancement and leadership opportunities. Plaintiff was denied these opportunities because of his disability.

30. Dutch is objectively more qualified than other individuals that Defendant replaced him within the position of Parts Picker.

31. In addition, Defendant has violated Plaintiff's rights under the ADA to be free from unlawful employment decisions made by removing him from him position as Part Picker and replacing him with, less-qualified candidates for the position on the basis of disability discrimination.

32. Because of Defendant's disability he was not provided a reasonable accommodation but instead was harassed and retaliated against when he complained of the harassment and the need for an accommodation.

**COUNT I**
**(Discrimination Based In Violation of the American With Disabilities Act)**

33. Plaintiff re-alleges and incorporates by reference paragraphs 1-32

4

above as if fully set forth herein.

34. Under the Americans with Disabilities Act ("ADA"), it is unlawful for covered employers to "discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a); 29 C.F.R. § 1630.4.

35. Under the ADA, prohibited discrimination includes "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity." 42 U.S.C. § 12112(b) (5).

36. The "reasonable accommodation" element of the [ADA] imposes a duty upon employers to engage in a flexible, interactive process with the employee needing accommodation so that, together, they might identify the employee's precise limitations and discuss accommodations which might enable the employee to continue working." *Hendricks-Robinson v. Excel Corp.*, 154 F.3d 685, 693 (7th Cir. 1998); *see also* 29 C.F.R. § 1630.2(o)(3).

37. Plaintiff was and is an individual with a disability within the meaning of the ADA at all times relevant to this lawsuit.

38. Plaintiff was and is substantially limited in the major life activities of speaking, communicating, concentrating, thinking, and interacting with others, as well as in the major bodily functions of the brain and neurological system.

the ADA.

39. Defendant regarded Plaintiff as disabled within the meaning of the ADA.

40. Plaintiff was a qualified individual under the ADA because he could perform his essential job functions with or without reasonable accommodation. 42 U.S.C. § 12111(8).

41. Defendant was a covered employer under the ADA, as it employed more than fifteen employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year. *Id.* § 12111(5).

42. Defendant discriminated against Plaintiff on the basis of his disability by terminating his employment on the basis of his disability.

43. Defendant discriminated against Plaintiff on the basis of his disability by failing to provide reasonable accommodations to Plaintiff.

44. Defendant discriminated against Plaintiff on the basis of his disability by failing to engage in an interactive process to consider possible reasonable accommodations for Plaintiff to perform his essential job functions.

45. Defendant's actions were intentional, willful, and in reckless disregard of Plaintiff's rights under the ADA.

46. Plaintiff has suffered damages as a result of Defendant's unlawful actions.

## COUNT II
### (Illinois Common Law Claim of Intentional Infliction of Emotional Distress)

47. Plaintiff incorporates herein Paragraphs 1 through 46 of this Complaint.

48. At all times herein relevant, Defendant was bound by its common-law and statutory duties to keep Plaintiff safe from harm, and not to violate his right to be free from an abusive work environment.

49. Plaintiff Dutch has suffered substantial and enduring emotional injury.

50. Defendant knew, or should have known, that their failure to protect Dutch from abusive Supervisors and co-workers, and on-going harassment and insults based on his disability would reasonably cause Plaintiff serious emotional and physical distress.

51. Defendant breached their duty to exercise due care by refusing to provide a safe working environment for Dutch based on his disability.

52. As a proximate result of Defendants' acts or omissions as described above, Dutch has suffered serious emotional distress in the form of shame, humiliation, degradation, and physical injuries in an amount to be determined at trial.

## Count III
### Retaliation In Violation of Title VII-42 U.S.C. § 2000 *et. Seq.*

53. Plaintiff re-alleges and incorporates by reference paragraphs 1 thru 52 above as if fully set forth herein.

54. As discussed in more detail *supra*, Plaintiff further alleges that Defendant NGK SPARK PLUG CO., LTD., as Plaintiff's employer retaliated against him for engaging in protected activity in violation of 42 U.S.C. § 2000e-3(a) (i.e. reporting and objecting to racial discrimination and a hostile work environment).

55. Plaintiff opposed a discriminatory practice when he complained to his Supervisor and human resources about discrimination and a hostile work environment based on his disability.

56. In spite of performing his duties in a professional manner and following Defendants' policies, Plaintiff Dutch's complaints were ignored by Defendant NGK SPARK PLUG CO., LTD.,

57. Plaintiff Dutch was terminated. All of this occurred after Dutch provided his Supervisor with continuous complaints of discrimination and harassment and asked for a reasonable accommodation.

58. Defendant forced Dutch to endure the unlawful treatment, and terminated Dutch for requesting a reasonable accommodation.

59. Defendant's conduct has resulted in damages to Plaintiff including but not limited to lost wages and benefits, emotional distress and humiliation, future pecuniary losses, Attorney's fees, and other damages

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

A. All wages and benefits Plaintiff would have received but for the ADA violations, including but not limited to back pay, front pay, pre-judgment interest, and restoration of job assignments;

B. A permanent injunction enjoining Defendant from engaging in the practices complained of herein;

C. A permanent injunction requiring that Defendant adopt employment practices and policies in accord and conformity with the requirements of the ADA;

D. The Court retain jurisdiction of this case until such time as it is assured that Defendant have remedied the policies and practices complained of herein and are determined to be in full compliance with the law;

E. An award of reasonable attorneys' fees, costs, and litigation expenses; and

F. Such other relief as the Court may deem just or equitable.

Respectfully submitted,

RICHARD DUTCH
*s/Andre P. Gaston*

Plaintiff's Attorneys
*Electronically filed on June 11, 2016*

Andre P. Gaston, ARDC # 6307509
The Law Office of Andre P. Gaston, P.C.
One Tower Lane, Suite 1700
Oakbrook, Illinois 60181
Phone:     630.560.3692
Facsimile: 630.566.0367
E-mail:  andre.gaston@agastonlaw.com